**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT M. ADARGAS,

Defendant - Appellant.

No. 03-1396

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 02-CR-329-MK)**

---

Submitted on the briefs:

Robert S. Berger, Denver, Colorado, for Defendant - Appellant.

John W. Suthers, United States Attorney, and David R. Steinman, Assistant United States Attorney, Denver, Colorado, for Plaintiff - Appellee.

---

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

---

Albert M. Adargas entered a guilty plea to a charge of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). In calculating Adargas's sentence, the district court applied a two-level enhancement pursuant to United States Sentencing Commission, Guidelines Manual ("USSG"), §2S1.1(b)(2)(B) (Nov. 2002). The court sentenced Adargas to thirty-five months imprisonment and three years of supervised release. Adargas appeals his sentence, arguing §2S1.1(b)(2)(B) does not apply under the circumstances of his case.[1] For the reasons set forth below, we affirm.

## BACKGROUND

On August 21, 2002, a two-count indictment was filed against Adargas and others in connection with a scheme whereby methamphetamine was transported from California to Colorado and sold in Colorado Springs, and the proceeds were sent from Colorado to California via Western Union and Money Gram money transfers. Count One of the indictment charged the defendants with conspiracy to possess with the intent to distribute and to distribute 500 grams or more of

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

methamphetamine, in violation of 21 U.S.C. § 846.  Count Two charged them

with conspiracy to commit money laundering,

> knowing that the property involved in the [financial] transactions
> represented the proceeds of some form of unlawful activity, and
> which transactions, in fact, involved the proceeds of illegal drug
> trafficking as specified in [21 U.S.C. § 841(a)(1)], with the intent to
> promote the carrying on of the specified unlawful activity and
> knowing that the transactions were designed in whole or part to
> conceal and disguise the nature, the location, the source, the
> ownership or the control of the proceeds of said specified unlawful
> activity, in violation of [18 U.S.C. § 1956(a)(1)(A)(i) and
> (a)(1)(B)(i)].
>
> All in violation of [18 U.S.C. § 1956(h)].    [2]

Indictment at 3, R. Vol. I, tab 1.

---

[2]Subsection 1956(h) states:  "Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."  18 U.S.C. § 1956(h) (footnote omitted).

The offenses defined in § 1956 include engaging in a financial transaction "which in fact involves the proceeds of specified unlawful activity – **(A)(i)** with the intent to promote the carrying on of specified unlawful activity; or . . . **(B)** knowing that the transaction is designed in whole or in part – **(i)** to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."  Id. § 1956(a)(1).

In contrast, § 1957 prohibits "engag[ing] . . . in a monetary transaction in criminally derived property" where the defendant may not know "that the offense from which the criminally derived property was derived was specified unlawful activity."  Id. § 1957(a), (c).

Pursuant to a Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A),[3] Adargas pled guilty to Count Two on May 12, 2003. The Plea Agreement specifically stated that "[t]he Defendant agrees to plead guilty to Count Two of the Indictment charging a violation of 18 U.S.C. § 1956(h), conspiracy to commit money laundering." Plea Agreement at 1, R. Vol. I, tab 194. The Agreement further stated that the government and Adargas

> stipulate and agree that defendant Adargas knowingly received proceeds from drug distribution activities via Western Union or [Money] Gram money or wire transfers of these drug proceeds initiated in Colorado, as set forth in the overt acts of Count Two of the Indictment. Defendant received or permitted others to retrieve proceeds wired in his name representing a total amount of $127,050 in United States Currency during the period from September 19, 1998, through on or about March 31, 2000.

> The Government and this defendant stipulate and agree that these proceeds were derived from a specified unlawful activity, that is, from the sale or distribution of controlled substances as defined under 18 U.S.C. §§ 1956(b)(7)(B)(i) [*sic*][4] and 1957(a).

Id. at 5. Pursuant to Fed. R. Crim. P. 32(c), the district court adopted the Plea Agreement's stipulation of facts and directed the U.S. Probation Office to rely on

---

[3]Rule 11(c)(1)(A) states that a plea agreement "may specify that an attorney for the government will: . . . move to dismiss[] other charges." Fed. R. Crim. P. 11(c)(1)(A). Here, the agreement stated the government would move to dismiss Count I of the indictment. The government subsequently did so, and the district court granted the motion.

[4]The Agreement clearly meant to refer to 18 U.S.C. § 1956(c)(7)(B)(i), which defines "specified unlawful activity" as "an offense . . . involving . . . the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act)."

those facts when preparing its Presentence Investigation Report ("PSR"). Order Concerning PSR, R. Vol. I, tab 199.

The resulting PSR, in computing Adargas's offense level under the Sentencing Guidelines, applied USSG §2S1.1(b)(2)(B), which states: "If the defendant was convicted under 18 U.S.C. § 1956, increase by **2** levels." Adargas objected to this two-level increase at the sentencing hearing, noting that Application Note 3(C) of the Guidelines commentary on §2S1.1 states that "[s]ubsection (b)(2)(B) shall not apply if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." USSG §2S1.1, comment. (n.3(C)). As the district court recognized, the essence of Adargas's argument was that his own conduct in the § 1956(h) conspiracy was "more like a [§] 1957 violation than a [§] 1956 violation," and that therefore the two-level increase under §2S1.1(b)(2)(B) for § 1956 violations should not apply. [5] Sentencing Hr'g Tr. at 22, R. Vol. III.

_____

[5]Specifically, according to Adargas's attorney, Adargas picked up money orders as a favor for a friend of his who was involved in the conspiracy. Although Adargas "admits knowing that there was something wrong with this money," he claims that he never received any compensation for these favors. Sentencing Hr'g Tr. at 17, R. Vol. III. Adargas's attorney referred to Adargas as "an awfully nice fellow" and "an unusual person" and urged the court "to give him every possible consideration." Id. at 18, 19.

The court rejected this argument. It ruled that, because "both the indictment and the Plea Agreement acknowledge that what the defendant has pled to is a Section 1956(a)(1)(A)(i) and (a)(1)(B)(i) violation," rather than a § 1957 violation, it had no discretion not to apply §2S1.1(b)(2)(B). Id. at 23. The court therefore applied the two-level increase pursuant to USSG §2S1.1(b)(2)(B).

Following his sentencing to thirty-five months imprisonment, Adargas appealed. He now raises the same argument he raised below—that because his own participation in the § 1956(h) conspiracy "was limited to receiving the [financial] proceeds and did not go beyond that to the more egregious offense of promoting the illegal activity or concealing it," the district court erred in applying the two-level increase pursuant to USSG §2S1.1(b)(2)(B). Appellant's Br. at 6. Essentially, Adargas argues that the district court misinterpreted Application Note 3(C) in the commentary on §2S1.1.

**DISCUSSION**

"We review a district court's interpretation of the Sentencing Guidelines de novo, interpreting the Sentencing Guidelines 'as if they were a statute,' and following their language where it is clear and unambiguous." United States v. Dell, 359 F.3d 1347, 1348 (10th Cir. 2004) (quoting United States v. Tagore, 158 F.3d 1124, 1128 (10th Cir. 1998)) (citations omitted). "We consider the

-6-

commentary included with the Guidelines 'authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" Id. (quoting Stinson v. United States, 508 U.S. 36, 38 (1993)).

As indicated above, Application Note 3(C) of the commentary on USSG §2S1.1 directs the court not to apply the §2S1.1(b)(2)(B) two-level increase if (1) "the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h)," and (2) "the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." USSG §2S1.1 comment. (n.3(C)). Adargas argues that the language, "the sole object of that conspiracy," should be interpreted to mean what Adargas understood to be the object of the conspiracy. He suggests that the stipulated facts do not state that Adargas himself had the required mens rea to commit the offenses described in 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i), and that therefore §2S1.1 cannot apply to him. In contrast, the government argues that this language in Application Note 3(C) simply refers to the object of the conspiracy as defined by the charge to which Adargas pled guilty, without regard to Adargas's actual intent or knowledge.

We have found no federal cases specifically addressing the interpretation of §2S1.1 Application Note 3(C). However, we believe the plain meaning of the language in Application Note 3(C) clearly supports the government's view. The

phrase "that conspiracy" plainly refers back to the conspiracy of which "the defendant was convicted . . . under 18 U.S.C. § 1956(h)."    <u>See</u> USSG §2S1.1 comment. (n.3(C)).  It is undisputed that Adargas, by pleading guilty to Count Two of the indictment, was convicted of conspiring to commit the offenses defined in 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).  We therefore conclude that the district court correctly applied USSG §2S1.1(b)(2)(B) by increasing Adargas's offense level by two levels.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.