# United States Court of Appeals
## For the First Circuit

No. 05-2747

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS TORRES-VELAZQUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Luis R. Rivera-González by Appointment of the Court for appellant.
Timothy R. Henwood, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Germán A. Rieckehoff, Assistant United States Attorney, were on brief for appellee.

March 23, 2007

**STAHL**, <u>**Senior Circuit Judge**</u>.  Appellant Luis Torres-Velasquez ("Torres") raises two objections to his criminal sentence.  Finding no ground for reversal, we affirm the sentence imposed by the district court.

Torres pled guilty, in a straight plea, to one count of conspiracy to commit money laundering, under 18 U.S.C. § 1956(h), and one count of criminal forfeiture, under 18 U.S.C. § 982(a)(1).  Torres's base offense level was calculated at 22, which included a 14-point enhancement corresponding to the value of the laundered funds.  At sentencing, the district court accepted the Presentence Investigation Report's (PSR) recommendation of a two-level reduction for playing a minor role in the offense, and a three-level reduction for acceptance of responsibility.

The court also imposed several enhancements.  First, finding that Torres knew the laundered funds were intended to promote offenses involving the manufacture, importation, or distribution of controlled substances, the court added a six-level enhancement under U.S.S.G. § 2S1.1(b)(1).  Second, the court added a two-level enhancement under U.S.S.G. § 3C1.2 for obstruction of justice, based on the high-speed car chase that Torres instigated, prior to his arrest.  Third, a two-level enhancement was imposed pursuant to the requirements of U.S.S.G. § 2S1.1(b)(2)(B).  Torres was sentenced at the lower end of the guideline range, to 120

months in prison, three years' supervised release, and a $100 special assessment.

As there was no plea bargain or stipulated version of the facts in this case, we draw the following facts about Torres's criminal conduct from the government's proffer at the change-of-plea hearing, the evidence presented at the sentencing hearing, and the facts relayed in the PSR.

In 2003, the U.S. Immigration and Customs Enforcement (ICE) began investigating the Colombian-based Juan Isidro Toloza-Peña drug trafficking organization. As part of this investigation, ICE targeted the organization's system of transferring drug proceeds from Puerto Rico to the drug bosses in Colombia. On August 17, 2004, Torres drove his two co-defendants, Jaime Mendoza-Medina and Emilio Mata-Soto, to a meeting with an undercover agent in a parking lot in Caguas, Puerto Rico. At the meeting, the co-defendants agreed that they would return to Caguas the next day to hand off the currency to the undercover agent, who would then launder the money and remit the funds to Colombia. Torres remained in the car during the meeting and did not participate in the discussions with the ICE agent regarding the plan. On the following day, August 18, 2004, Torres again drove his two co-defendants to the appointed location for the hand-off. Noticing police activity in the area, the co-defendants proposed moving the hand-off to a different town, Las Piedras. The undercover agent

agreed to the change, and Torres began driving his co-defendants in that direction. At that point, a marked police patrol unit, working with the ICE investigators, attempted to stop Torres's vehicle. As an officer approached the vehicle, Torres drove off. The police pursued Torres, who led them on an extended high-speed chase that ended when the vehicle crashed into a bakery in the town of Juncos. A search of the vehicle turned up two large bags containing $751,330 in U.S. currency of various denominations.

The supervising undercover ICE agent testified at the sentencing hearing that the procedures followed by Torres and his co-defendants followed the modus operandi for "pick up" operations for laundering drug proceeds in Puerto Rico. According to the agent, typical features present in this case included: the arrangement to transfer a large amount of money to a broker for laundering; the request to conduct the transfer in a public place; the extensive negotiations over where to transfer the money; and the presence of several people at the hand-off, to provide security.

Torres's admitted involvement in the conspiracy was limited to his driving of the co-defendants to the meeting on August 17 and to the scheduled hand-off location on August 18. There was no evidence that he spoke with the undercover agent or otherwise arranged for the money's transfer. However, because he pled guilty under 18 U.S.C. § 1956, he admitted that he knew that

the conspiracy was to launder the proceeds of illegal activity. See 18 U.S.C. § 1956(a)(1) ("Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity.").

In this appeal, Torres objects to two sentencing enhancements. First, he contends that the six-level enhancement, under U.S.S.G. § 2S1.1(b)(1), was based on an erroneous factual finding by the district court that he knew the laundered funds were intended to promote offenses involving the manufacture, importation, or distribution of controlled substances. Second, he argues that the two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B) was applied to him in violation of the sentencing guideline commentary.

As to the six-level enhancement, we review for clear error the district court's factual finding that Torres knew the money was related to the drug trade. See United States v. Brown, 450 F.3d 76, 80 (1st Cir. 2006). The district court's findings of fact are conclusive on appeal unless we form "'a strong, unyielding belief that a mistake has been made.'" United States v. Singleterry, 29 F.3d 733, 740 (1st Cir. 1994) (quoting Williams v. Poulos, 11 F.3d 271, 278 (1st Cir. 1993)). As to the two-level enhancement imposed under U.S.S.G. § 2S1.1(b)(2)(B), because Torres

failed to preserve this objection for appeal, we review that enhancement only for plain error. See United States v. Rivera-Rodriquez, 318 F.3d 268, 278 (1st Cir. 2003). We will correct a plain error only where it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Antonakopoulos, 399 F.3d 68, 77 (1st Cir. 2005).

Torres argues that the six-level enhancement is clearly erroneous because there was no "direct or circumstantial evidence of knowledge" on his part. The sentencing guidelines direct a six-level enhancement where a person convicted of conspiracy to commit money laundering "knew or believed that any of the laundered funds were the proceeds of, or were intended to promote (i) an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical." U.S.S.G. § 2S1.1(b)(1). Contrary to Torres's assertion, sentencing courts are not limited to considering only the facts that the appellant has admitted. See United States v. Bierd, 217 F.3d 15, 23 (1st Cir. 2000). Rather, courts may draw upon a broad range of evidence for sentencing purposes, including factual findings set forth in a PSR and testimony offered at the sentencing hearing. See id.

Here, the evidence before the district court was sufficient to support the finding that Torres possessed the requisite knowledge for the six-level enhancement. The district court noted that the evidence showed that the procedures followed

-6-

by Torres and his co-defendants were typical of the modus operandi of drug organizations operating in Puerto Rico. In addition, the court found that Torres had "prior knowledge of the drug business" because he had two previous drug convictions, for conspiracy to distribute controlled substances and possession with intent to distribute controlled substances. Finally, the court was persuaded that the large quantity of cash involved in the scheme further indicated that Torres knew the funds were related to the drug trade. Given this suggestive evidence, we conclude that the district court's finding of knowledge was reasonable and easily survives our clear error review.

Torres's second sentencing objection is that the court erred in imposing a two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B), which advises that: "If the defendant was convicted under 18 U.S.C. § 1956, increase by 2 levels." Torres was indeed convicted under 18 U.S.C. § 1956, because he pled guilty to conspiracy to launder money, under 18 U.S.C. § 1956(h). However, Torres argues that the two-level enhancement should not be applied in his case based on Application Note 3(c) of the commentary to U.S.S.G. § 2S1.1, which reads: "Subsection (b)(2)(B) shall not apply if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." Torres's argument that the exception in Note 3(c) applies to him is plainly

incorrect.  Granted, he meets the note's first requirement because he was convicted under 18 U.S.C. § 1956(h).  However, Torres does not meet the note's second requirement because the sole object of the conspiracy was not violation of 18 U.S.C. § 1957.[1]  Instead, the object of the conspiracy, as laid out in Count One of the indictment, was to violate the money laundering provisions codified at 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i).  Therefore, the exception contained in Note 3(c) does not apply to Torres, see United States v. Adargas, 366 F.3d 879, 883 (10th Cir. 2004), and the district court did not commit plain error in imposing the two-level enhancement under § 2S1.1(b)(2)(B).

Finding no merit in either of Torres's objections, we affirm the sentence imposed on appellant by the district court.

---

[1]Section 1957 criminalizes money laundering where the proceeds derive from an unlawful activity, see 18 U.S.C. § 1957, while § 1956 criminalizes money laundering where the defendant knows that the proceeds derived from an unlawful activity, see 18 U.S.C. § 1956.