[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2008
THOMAS K. KAHN
CLERK

No. 07-13450
Non-Argument Calendar

_____

D. C. Docket No. 07-20023-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARA VASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 25, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Clara Vasquez appeals her 41-month sentence for conspiracy to launder the

proceeds of the sale of a controlled substance, in violation of 18 U.S.C. § 1956(a)(2)(B)(i), (h). She pled guilty to the § 1956(h) conspiracy charge, and now appeals the sentence imposed by the district court.

Vasquez first argues that the district court inaccurately determined that she would be subject to a higher guidelines range if a prior drug trafficking conviction was considered part of the instant offense. The district court relied on the probation officer's determination that the money being smuggled was not related to the prior drug offense because the marked bills used to purchase the cocaine underlying that prior drug offense were not among the bills Vasquez was smuggling. The district court judge responded to Vasquez's contention that the offences should be treated as related by informing Vasquez that if he were to accept Vasquez's argument, "[s]he would be facing a much higher guideline calculation, the minimum of 57 months." Rather than challenge the district court's statement, Vasquez instead chose to "withdraw that argument." By doing so, Vazquez invited the error she now challenges on appeal. "Where a party invites error, the Court is precluded from reviewing that error on appeal." United States v. Harris, 443 F.3d 822, 823-24 (11th Cir. 2006) (citations omitted). Thus, Vasquez cannot now challenge the district court's reasoning because she tacitly accepted it

2

at sentencing.[1]

Vasquez next argues that if her prior drug trafficking convictions and the instant offense are not related, then the district court erred in enhancing her guideline sentence by two levels under U.S.S.G. § 2S1.1(b)(2)(B) because the object of the instant conspiracy was not drug trafficking, but rather failure to report. We review objections to sentencing issues raised for the first time on appeal for plain error. See United States v. Harness, 180 F.3d 1232, 1234 (11th Cir. 1999).

According to the Guidelines, the guideline calculation for an offense under 18 U.S.C. § 1956(h) is found in § 2S1.1. See U.S.S.G., Appendix A. Section 2S1.1 contains the following specific offense characteristics: "If the defendant was convicted under 18 U.S.C. § 1957, increase by 1 level . . . if the defendant was convicted under 18 U.S.C. § 1956, increase by 2 levels." U.S.S.G. § 2S1.1(b)(2)(A), (B). However, the two-level enhancement for a conviction under 18 U.S.C. § 1956 "shall not apply if the defendant was convicted of a conspiracy

---

[1] Vasquez also argues, for the first time on appeal, that her sentence would not have increased because U.S.S.G. § 2D1.1 would not apply since "there was no evidence supporting the amount of drugs" and that there "was no evidence presented on the type or value of the narcotics allegedly sold to obtain the currency." However, Vasquez's prior drug trafficking conviction, which she now argues is related, was for assisting in the sale of a kilogram of cocaine. This evidence of her prior offense would be sufficient, were the offenses determined to be related, to warrant the application of U.S.S.G. § 2D1.1. Thus, her argument fails.

under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." U.S.S.G. § 2S1.1, cmt. (n. 3(c)). The difference between § 1956 and § 1957 is that § 1957 "criminalizes money laundering where the proceeds derive from an unlawful activity . . . while § 1956 criminalizes money laundering where the defendant <u>knows</u> that the proceeds derived from an unlawful activity . . . ." <u>United States v. Torres-Valesquez</u>, 480 F.3d 100, 104 n.1 (1st Cir. 2007).

In this case, Count 1 of the indictment, to which Vasquez pled guilty, charged Vasquez with conspiracy to launder proceeds of drug sales, in violation of 18 U.S.C. § 1956(a)(2)(B)(i), (h). Since the record clearly demonstrates that the offense for which Vasquez pled guilty involves a conviction under 18 U.S.C. § 1956, the object of which was an offense under 18 U.S.C. § 1956 and not § 1957, the district court did not err, plainly or otherwise, when it applied the two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B).

Vasquez also argues that the district court erred when it attributed co-conspirator Henry Muriel's conduct to her for purposes of establishing her base offense level. We review the district court's interpretation and application of the Guidelines <u>de novo</u> and its underlying factual findings for clear error. <u>United States v. McVay</u>, 447 F.3d 1348, 1352-53 (11th Cir.2006).

The Guidelines provide that in the context of jointly undertaken criminal activity, the correct base offense level shall be determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). When determining the defendant's accountability for the conduct of others, the court must determine the scope of the criminal activity that the particular defendant agreed to undertake. See U.S.S.G. § 1B1.3, cmt. (n.2). A defendant's relevant conduct for sentencing includes the conduct of others that was both in furtherance of and reasonably foreseeable in connection with the jointly undertaken criminal activity. See U.S.S.G. § 1B1.3, cmt. (n.2).

Here, the record amply supports the district court's factual finding that Vasquez should be held accountable for the money recovered from Muriel. By Vasquez's own admission, she was aware that Muriel was transporting drug money to Colombia. At the outset of the sentencing hearing, Vasquez admitted that she knew of Muriel's recruitment, but contended that she did not participate or assist in recruiting him. Furthermore, although she did not know how much or to whom he was delivering the money, Vasquez admitted that she was aware that Muriel was transporting money to Colombia. Finally, in a conversation recorded by a confidential informant, Vasquez talked about having been stopped at the Miami

5

airport, and stated that she hoped that Muriel had not "snitched" to law enforcement. It is reasonable to conclude from this comment that Muriel and Vasquez had an implicit agreement to undertake smuggling together and were aware of each other's plans. Thus, the court did not clearly err in concluding that the acts of Muriel were reasonably foreseeable and in furtherance of the criminal venture to which Vazquez was a party.

Finally, Vasquez argues that her sentence is unreasonable because the district court failed to adequately consider the § 3553(a) factors. Vasquez argues that there are various factors which were presented at the sentencing hearing that support a below-guideline sentence. Specifically, Vasquez points to the delay in prosecuting this offense, her age, family responsibilities, her record since her release from federal custody, and her efforts at rehabilitation. Vasquez argues that the district court's failure to consider these factors in imposing the 41-month sentence was an abuse of discretion.

We review the final sentence imposed by the district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The Supreme Court recently clarified that the reasonableness standard is synonymous with the abuse of discretion standard. Gall v. United States, __ U.S. __, __, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The district court must

6

impose a sentence that is both procedurally and substantively reasonable. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

The district court imposed a procedurally reasonable sentence in this case. The district court correctly calculated the Guidelines range, did not treat the Guidelines as mandatory, and the record demonstrates that the district court considered the facts in the pre-sentence investigation report and took into account the § 3553(a) factors.

Vasquez's sentence is also substantively reasonable. Vasquez was not only involved in the sale and distribution of drugs, she was participating with others to smuggle money from the United States to Colombia. The offense was serious since there was more than $175,000 involved and the money involved was admittedly the proceeds of the sale of drugs. Nothing in the record undermines our ordinary expectation of reasonableness for a within-guideline-range sentence, and Vasquez has not established that her sentence is unreasonable in light of the record and the § 3553(a) factors.

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no error. Accordingly, we affirm.

**AFFIRMED**.