[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14301
Non-Argument Calendar

_____

D. C. Docket No. 07-20023-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GIRALDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 30, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Juan Giraldo appeals his 70-month sentence for conspiracy to launder the

proceeds of the sale of a controlled substance, in violation of 18 U.S.C. § 1956(a)(2)(B)(i), (h). Giraldo pled guilty to the § 1956(h) conspiracy charge, and challenges only his sentence in this appeal.

Giraldo argues that the district court erred in finding that a prior drug trafficking conviction was not related to the money laundering conspiracy, and that he is entitled to resentencing in light of the November 2007 Guideline Amendments clarifying what constitutes related prior offenses under U.S.S.G. § 4A1.2(a)(2). Giraldo's counsel filed objections to the computation of criminal history points and to the probation department's failure to find that the prior offense and the instant offense were related. However, Giraldo explicitly stated at sentencing that he wished to withdraw those objections. Where a defendant raises and then knowingly withdraws an objection to his sentence, we deem the objection waived and will not review it on appeal. United States v. Masters, 118 F.3d 1524, 1526 (11th Cir.1997). Because Giraldo knowingly withdrew his objections, he is bound by the district court's ruling as to his criminal history computation, and the conclusion that his prior offenses were neither related to one another, nor to the instant offense. See Masters, 118 F.3d at 1526.

Giraldo next argues that the district court erred in enhancing his guideline sentence by two levels under U.S.S.G. § 2S1.1(b)(2)(B) because the object of the

2

conspiracy was not drug trafficking but failure to report the money. We review de novo the interpretation and application of the Guidelines, and review underlying factual findings for clear error. United States v. McVay, 447 F.3d 1348, 1352-53 (11th Cir. 2006).

According to the Guidelines, the guideline calculation for an offense under 18 U.S.C. § 1956(h) is found in U.S.S.G. § 2S1.1. See U.S.S.G., Appendix A. Section 2S1.1 contains the following specific offense characteristics: "If the defendant was convicted under 18 U.S.C. § 1957, increase by 1 level . . . if the defendant was convicted under 18 U.S.C. § 1956, increase by 2 levels." U.S.S.G. § 2S1.1(b)(2)(A), (B). However, the two-level enhancement for conviction under § 1956 "shall not apply if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." U.S.S.G. § 2S1.1, cmt. (n. 3(c)). The difference between § 1956 and § 1957 is that § 1957 "criminalizes money laundering where the proceeds derive from an unlawful activity . . . while § 1956 criminalizes money laundering where the defendant knows that the proceeds derived from an unlawful activity . . . ." United States v. Torres-Valesquez, 480 F.3d 100, 104 n.1 (1st Cir. 2007).

The record clearly demonstrates that the offense for which Giraldo pled guilty involves a conviction under 18 U.S.C. § 1956(h), the object of which was an offense involving a violation of 18 U.S.C. § 1956(a)(2)(B)(i) and not 18 U.S.C. § 1957. Under these facts, the court did not err when in concluded that the enhancement under U.S.S.G. § 2S1.1(b)(2)(B) was applicable to Giraldo.

Giraldo also contends that the district court erred in applying the two-level enhancement for aggravated role under U.S.S.G. § 3B1.1(c) because there was no competent evidence presented of his aggravated role. We review a district court's upward adjustment of a defendant's guidelines offense due to his status as a leader or manager for clear error. United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002).

Although Giraldo contends that he is no more culpable than the others involved in the conspiracy, the record indicates that Giraldo convinced Vasquez to participate in his plan to launder money from the sale of his drugs from the United States to Colombia. The influence over one individual is enough to apply the two-level enhancement, and Giraldo exercised control over Vasquez. See Phillips, 287 F.3d at 1058 ("[T]he assertion of control or influence over only one individual is enough to support a §3B1.1(c) enhancement."). Furthermore, by his own statement, Giraldo was responsible for getting the money and meeting up with

4

Vasquez and Muriel so it could be taped to their bodies. In light of the record in this case, the district court did not clearly err by applying the aggravating role enhancement to Giraldo.

Finally, Giraldo argues that the district court erred when it chose to impose the 70-month sentence consecutively to the sentence he is serving on his drug trafficking conviction, and that his sentence is unreasonable because the district court failed to adequately consider the § 3553(a) factors.

Imposition of consecutive rather than concurrent sentences is subject to plenary review. United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). However, in determining whether to impose a concurrent or consecutive term, the district court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b).

Prior to imposing the consecutive sentence, the district court stated that it had considered the § 3553(a) factors and the arguments that had been presented from both Giraldo and the government regarding whether the sentence should run consecutively. There is nothing in the record to suggest that the district court abused its discretion when it ordered Giraldo's sentence to run consecutively to his

sentence for the drug trafficking offense.

We review the final sentence imposed by the district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The Supreme Court recently clarified that the reasonableness standard is synonymous with the abuse of discretion standard. Gall v. United States, __ U.S. __, __, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The district court must impose a sentence that is both procedurally and substantively reasonable. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006)

Here, the district court imposed a procedurally reasonable sentence. The district court correctly calculated the Guidelines range, the sentence imposed falls within the guideline range of 70-87 months' imprisonment, nothing in the record indicates that the district court treated the Guidelines as mandatory, and the record demonstrates that the district court considered the facts in the pre-sentence investigation report and took into account the § 3553(a) factors. Based upon the record, Giraldo's sentence is not procedurally unreasonable.

Giraldo's sentence is also substantively reasonable. Giraldo was not only involved in the sale and distribution of drugs, he was using various individuals to get the proceeds from those sales from the United States to Colombia. There was a large of sum of money involved in this case, well over $200,000. Further, Giraldo

admitted to conspiring with others for approximately four months to accomplish his goals. Nothing in the record undermines our ordinary expectation of reasonableness for a within-guideline-range sentence, and Giraldo has not established that his sentence is unreasonable in light of the record and the § 3553(a) factors.

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no error. Accordingly, we affirm.

**AFFIRMED**.