**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5182**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VIRGILIO ARNOLDO GALVEZ-DEL CID, a/k/a Arnoldo Del Cid,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:07-cr-00265-AW-4)

Submitted: February 25, 2011          Decided:  March 17, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Andrea L. Smith, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Virgilio Arnoldo Galvez-Del Cid pled guilty, pursuant to a written plea agreement, to conspiracy to launder money, 18 U.S.C. § 1956(h) (2006), and was sentenced to 46 months of imprisonment. Galvez-Del Cid's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which she asserts that there are no meritorious issues for appeal but questions whether the district court complied with Fed. R. Crim. P. 11 when it accepted Galvez-Del Cid's guilty plea. Galvez Del-Cid filed a supplemental pro se brief in which he claims that the district court erred in applying the two-level enhancement under U.S. Sentencing Guidelines Manual (USSG) § 2S1.1(b)(2)(B) (2007). For the reasons that follow, we affirm.

Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which the court informs the defendant of the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; and the constitutional rights that he forfeits by pleading guilty. The court must also ascertain that there is a factual basis for the plea and that the defendant's plea is knowingly and voluntarily entered. See Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). We have thoroughly reviewed the record in this case, and

2

conclude that the district court complied with the mandates of Rule 11 in accepting Galvez-Del Cid's guilty plea.

In his supplemental pro se brief, Galvez-Del Cid challenges the two-level enhancement he received under USSG § 2S1.1(b)(2)(B), which provides for an increase in the base offense level where, as here, the defendant was convicted under 18 U.S.C. § 1956. However, Application Note 3(C) to the guideline provides that the § 2S1.1(b)(2)(B) enhancement does not apply "if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." USSG § 2S1.1, comment. (n.3(C)). Here, the indictment charged, and Galvez-Del Cid pled guilty to, a conspiracy in violation of § 1956(h) where the object of the conspiracy was a violation of § 1956. Accordingly, we find that the district court did not err in applying the two-level enhancement. See United States v. Torres-Velazquez, 480 F.3d 100, 103-104 (1st Cir. 2007) (concluding that Application Note 3(C) did not apply because the object of the conspiracy with which defendant was charged was not a violation of § 1957, but a violation of the money laundering provisions of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i)); see also United States v. Adargas, 366 F.3d 879, 882-83 (10th Cir. 2004).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Galvez-Del Cid, in writing, of the right to petition the Supreme Court of the United States for further review. If Galvez-Del Cid requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Galvez-Del Cid.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>