[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 24, 2007
THOMAS K. KAHN
CLERK

No. 06-14852
Non-Argument Calendar

_____

D. C. Docket No. 04-00020-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT L. BROXTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 24, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Robert Broxton appeals his 60-month sentence for conspiracy to steal U.S. mail, in violation of 18 U.S.C. §§ 371, 1708. The district court sentenced Broxton to 60 months of imprisonment, although he had a guideline range of 33 to 41 months of imprisonment, in consideration of "the nature and circumstances of the offense and [his] history and characteristics." Because we find no reversible error, we AFFIRM.

## I. BACKGROUND

A federal grand jury returned an indictment, charging Broxton with, inter alia, conspiracy to steal U.S. mail, in violation of 18 U.S.C. §§ 371, 1708. He pled guilty, pursuant to a plea agreement. The plea agreement contained a sentence appeal waiver, which stated that:

> [Broxton] by this agreement waive[s] any right to a direct appeal or other review of [his] sentence . . . except in the case of an upward departure from the guidelines pursuant to [§§] 5K2.0 and 4A1.3 and any claim of ineffective assistance of counsel . . . [He] understands and agrees that [his] waiver to all other U.S.S.G. findings would still be in force and effect, notwithstanding [his] reserved right to appeal an upward departure.

R1-139 at 5. In the agreement, the government stated that it would consider whether Broxton's cooperation qualified as substantial assistance, warranting a government motion for a downward departure pursuant to § 5K1.1. It further stated that the discretion of whether to file a § 5K1.1 motion rested solely with the

2

government, and Broxton's good faith cooperation that did not substantially assist in the persecution of another person would not qualify. The agreement also stated that the "[c]ourt shall order total restitution in this case . . . and that [ Broxton] agrees to pay the restitution." Id. at 4. In the stipulation of facts, it stated that Broxton received about $100,000 cash from the burglary. At the plea hearing, the district court explained that, by entering a guilty plea, Broxton also was agreeing to waive his right to appeal his sentence, unless he was claiming ineffective assistance of counsel or if his sentence exceeded the advisory guideline range.[1] Broxton acknowledged that "the Court has the authority under certain circumstances to impose a sentence that is more or less severe than the sentence called for by the guidelines." R1-139 at 4.

The PSI assigned Broxton a base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2). The base offense level was increased by: (1) 12 levels, pursuant to § 2B1.1(b)(1)(G), because the loss was more than $200,000, but less than $400,000; and (2) 2 levels, pursuant to § 2B1.1(b)(12)(A), because the offense involved conscious or reckless risk of death or serious bodily injury. Broxton's offense level then was reduced by 2, pursuant to U.S.S.G. § 3E1.1(a), for acceptance of responsibility, leaving him with a total offense level of 18. The PSI

---

[1] More specifically, the plea agreement acknowledged Broxton's "reserved right to appeal an upward departure." R1-139 at 5.

alleged that Broxton had been arrested for sexual assault, robbery, and assault in 1965, and forcible purse snatching in 1977, and he was not released from prison until 1993. There also were pending charges of attempted murder, aggravated assault, carrying a firearm in a public place, possession of instruments of a crime, terroristic threats, simple assaults, and reckless endangerment. With a total offense level of 18, and a criminal history category of III, Broxton's applicable guideline range of imprisonment was 33 to 41 months. The PSI found that Broxton should pay restitution in the amount of $251,701.24. Broxton objected to the calculation of the amount of loss for which he was held accountable in restitution, asserting that he should be accountable only for his portion, which was the amount that he stipulated to in the plea agreement.

At the sentencing hearing, Broxton withdrew his objections, and the court accepted the plea agreement. The court reviewed the PSI, stated that the guideline range was 33 to 41 months of imprisonment, sentenced Broxton to 60 months of imprisonment, and ordered that he, jointly and severally with his codefendants, make restitution to the Post Office in the amount of $251,701.24. The court stated that its sentence was appropriate and complied with the § 3553(a) factors and the circumstances of the case. It sentenced Broxton in consideration of "the nature and circumstances of the offense and [his] history and characteristics. . . ." R3-156 at

4

5. The district court found that "[t]he sentence imposed reflect[ed] the seriousness of the crime, afford[ed] adequate deterrents to criminal conduct, protect[ed] the public from future crimes . . . [and afforded Broxton] the opportunity to obtain needed educational training. . ." Id. at 5-6. The court further noted that Broxton had a history of stealing and that his criminal history reflected the probability that he would commit another crime. Thus, it reasoned that the sentence imposed, outside of the advisory guideline range, "adequately addresse[d] the seriousness of the offense, promote[d] respect for the law, and provide[d] just punishment . . . ." Id. at 6.

## II. DISCUSSION

On appeal, Broxton first argues that the district court erred because it sentenced him outside of the guideline range and did not give him prior notice of its intent to depart upward.[2] We review for plain error where the defendant did not raise an objection in the district court. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003) (citations omitted). We will correct plain error when "(1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Id. (citation omitted). "If the appellant is able to make a showing of all three, we then

---

[2] Because the government has not raised the sentence appeal waiver contained in Broxton's plea agreement, and has briefed the merits, and the waiver is not outcome-determinative, we address the merits of the appeal. See United States v. Valnor, 451 F.3d 744, 745 n.1 (11th Cir. 2006).

may exercise discretion to notice the error if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." United States v. Ronda, 455 F.3d 1273, 1304 (11th Cir. 2006) petition for cert. filed (U.S. Jan 10, 2007) (No. 06-968) (internal quotation, citation, and alteration omitted).

Federal Rule of Criminal Procedure 32(h) states that:

Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

We have held, however, that Rule 32(h) does not require a district court to give notice of the fact that it is going to impose a variance, or a sentence above the advisory guideline range, pursuant to its authority under 18 U.S.C. § 3553(a). See United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006) (per curiam), petition for cert. filed, (U.S. Oct 26, 2006) (No. 06-7517). We reasoned that a defendant is aware that the § 3553(a) factors will be considered by the district court when selecting a reasonable sentence between the statutory minimum and the statutory maximum. Id. at 1212.

Broxton failed to object to the lack of notice at the hearing, and, therefore, this Court reviews for plain error. See Zinn, 321 F.3d at 1087. Here, like in Irizarry, the district court sentenced above the guideline range based not on a

6

specific guideline departure provision, but rather, pursuant to its § 3553(a)

authority. See Irizarry, 458 F.3d at 1211-12. The district court cited § 3553(a) and

its specific factors, including the nature and circumstances of the offense,

Broxton's history and characteristics, the seriousness of the offense, and the needs

to promote respect for the law, provide just punishment and adequate deterrence,

and protect the public. See 18 U.S.C. § 3553(a)(1),(2),(3),(4). In particular, the

court noted Broxton's past history and the likelihood that he would commit another

crime. See 18 U.S.C. § 3553(a)(3),(4). Because the district court's sentence above

the guideline range was done under its § 3553(a) authority, there was no error in its

failure to give advance notice of its intention to impose a sentence above the

guideline range.

Broxton next argues the district court erred because it failed to provide an

incremental structure in sentencing him above the guideline range, departing

upward without justification or clear guidelines. Once the district court accurately

has calculated the guideline range, "the district court may impose a more severe or

more lenient sentence" that we will review for reasonableness. United States v.

Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005) (citation omitted). Our

reasonableness inquiry is guided by the factors outlined in § 3553(a). United

States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam) (citation

omitted).

Here, the record supports the conclusion that the district court did not make an unguided departure. Rather, as it noted in its explanation of Broxton's sentence, the court was acting pursuant to § 3553(a), stating specifically that the sentence was appropriate, "complie[d] with the factors that are to be considered as set forth [in] 18 U.S.C. § 3553(a), and adequately address[ed] the totality of the circumstances . . . [including] the nature and circumstances of the offense and [Broxton's] history and characteristics." See R3-156 at 5; 18 U.S.C. § 3553(a). Because the sentence was fashioned pursuant to § 3553(a), and the district court used those factors as a guide, the imposition of Broxton's sentence above the guideline range did not amount to an unguided departure.

Broxton next argues that the district court was unreasonable for departing from the guideline range because he only had three prior convictions, which already had been considered in calculating the applicable guideline range. We review the final sentence imposed for reasonableness. Crawford, 407 F.3d at 1179. Section 3553(a) requires that the district court take into account, inter alia, the history and characteristics of the defendant, as well as the guideline range itself. 18 U.S.C. § 3553(a)(1),(4).

The district court did not make an upward departure, but sentenced Broxton

8

pursuant to its § 3553(a) authority, which allowed the district court, in fashioning a reasonable sentence, to consider Broxton's history, including his criminal history, apart from the guideline range. See Irizarry, 458 F.3d at 1211-12. The district court did not depart, but merely sentenced under its § 3553(a) authority. See id. Given that the district court took into account the § 3553(a) factors and explicitly recognized Broxton's history of engaging in theft and robbery offenses, Broxton's sentence of 60 months of imprisonment for causing over $200,000 in loss is reasonable. See Crawford, 407 F.3d at 1178. His argument that the guideline range already took into account his criminal history is unavailing, as, under § 3553(a)(1), the district court is free to consider both the existing guideline range, and the defendant's personal history in fashioning a reasonable sentence. See 18 U.S.C. § 3553(a)(1), (4).

Broxton next argues that the government has refused to make a U.S.S.G. § 5K1.1 motion for a downward departure based on substantial assistance, despite the fact that he has agreed to cooperate. "Whether the government has breached a plea agreement is a question of law that [we] review[] de novo." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam) (citation omitted). When there was no objection, however, we review for plain error. Zinn, 321 F.3d at 1087. The government does not breach a plea agreement by failing to move for

downward departure based on substantial assistance where the agreement provided only that the government would consider whether the defendant's cooperation qualified for substantial assistance and that this determination was solely for the government. See United States v. Forney, 9 F.3d 1492, 1499-1501 (11th Cir. 1993).

Here, the government did not breach the terms of the agreement, as Broxton's plea agreement provided only that the government would consider whether Broxton's cooperation qualified as substantial assistance, warranting a government motion for a downward departure. The plea agreement further stated that the discretion of whether to file a motion rested solely with the government, and Broxton's good faith cooperation that did not substantially assist in the prosecution of another person would not qualify. Accordingly, the government did not breach the plea agreement by failing to file a § 5K1.1 motion for a downward departure because, pursuant to the plea agreement, it was not under an affirmative obligation to do so if it determined that Broxton did not provide substantial assistance.

Broxton lastly argues that he erroneously was held accountable for the entire loss caused by himself and his codefendants. He asserts that the district court's reliance on that total amount, instead of holding him accountable for one-third of

10

the total loss, was unreasonable speculation, and, therefore, his sentence must be overturned. The government responds that the guidelines support holding a defendant accountable for all reasonably foreseeable acts of co-conspirators in furtherance of the crime. It contends that, because Broxton fully participated in all phases of the burglary that produced the loss, the PSI's calculations of loss properly reflected the joint activity.

Broxton raised this objection in the PSI Addendum but withdrew the objection at sentencing. The Supreme Court has explained that a "waiver is the intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) (quotations omitted). Waiver differs from forfeiture, which is merely the failure to make a timely assertion of a right. Id. Unlike forfeiture, which permits review for plain error, waiver extinguishes appellate review because there is technically no "error" to correct. See id. at 732-33, 113 S. Ct. at 1777. As a result, Broxton's withdrawal of his objection below renders plain error review of that issue on appeal inapplicable. See, e.g., United States v. Masters, 118 F.3d 1524, 1526 (11th Cir.1997) (per curiam). Moreover, even if we were to treat the issue as forfeited, rather than waived, we could not say that the district court plainly erred in making the adjustment. See U.S.S.G. 1B1.3(a)(1) (providing, in part, that the offense

11

enhancements will be determined on the basis of (A) all acts aided and abetted by the defendant, and (B), in the case of jointly undertaken criminal activity, whether or not charged as a conspiracy, all reasonably foreseeable acts of others in furtherance of that activity).

## III. CONCLUSION

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we **AFFIRM.**