[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13834
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20125-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Rodriguez appeals his 110-month below guidelines range sentence for possession of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Rodriguez argues that (1) the district court erred in imposing a four-level enhancement for images of child pornography depicting sadistic or masochistic conduct, pursuant to U.S.S.G. § 2G2.2(b)(4), and (2) his sentence is unreasonable because the district court gave deference to U.S.S.G. § 2G2.2 and failed to properly weigh the 18 U.S.C. § 3553(a) factors.

## I. Enhancement for Sadistic and Masochistic Conduct

Generally, we review a district court's findings of fact for clear error, and the application of the sentencing guidelines to those facts *de novo*. *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006). However, when a defendant fails to preserve an argument for appeal, we review for plain error. *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007), *cert. denied*, 129 S. Ct. 40 (2008). "To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *Id.* at 1011 (citation and internal quotation marks omitted).

Under plain-error review, the defendant has the burden to show that there is

plain error that affects his substantial rights. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (citation and internal quotation marks omitted). For an error to affect substantial rights, it must have affected the outcome of the district court proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993). If we would have to speculate that the result would have been different, the defendant has not met his burden to show that substantial rights have been affected. *See United States v. Rodriguez*, 406 F.3d 1261, 1275–76 (11th Cir. 2005). If the foregoing conditions are met, we may, in our discretion, "notice a forfeited error, but only if [ ]the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Monroe*, 353 F.3d at 1349 (citation and internal quotation marks omitted). The plain error doctrine, however, is inapplicable "where the defendant fully comprehends the error the [sentencing] court is going to commit and nonetheless agrees to be bound by it." *See United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997). Challenges to the facts set forth in the pre-sentence investigation report must be asserted with specificity and clarity – otherwise the objection is waived. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).

Section 2G2.2(b)(4) of the Guidelines provides that the base offense level for a conviction under 18 U.S.C. § 2252(a)(4) should be increased four levels "[i]f

3

the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." A photograph is sadistic when it depicts the subjection of a young child to a sexual act that would have to be painful. *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002). We have held that penetration of a young child is necessarily painful, and thus an image portraying that conduct is sadistic. *See United States v. Hall*, 312 F.3d 1250, 1263 (11th Cir. 2002) (holding that an image of a young child being penetrated by an adult male was necessarily painful, and, thus, sadistic); *United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999) (holding that images of young children being penetrated by adult males and a glass bottle were painful and, thus, sadistic).

Because the record demonstrates that Rodriguez fully comprehended that the district court was applying the enhancement based on a finding that the images depicted adult penetration of young children, and he did not allege that this was a factual error, review of the issue now is unavailable. Even under plain error review, however, we conclude that Rodriguez would not be entitled to relief, because, in light of the advisory range without the challenged enhancement, he has not shown that his substantial rights were affected.

## II. Reasonableness of Rodriguez's Sentence

We review the final sentence imposed by a district court for reasonableness.

*United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767, 160 L. Ed. 2d 621 (2005). First, we must ensure that the district court committed no significant procedural error, such as "failing to consider the § 3553(a) factors." *Gall v. United States*, 552 U.S. 38, ___ ,128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). After we determine that the district court's sentencing decision is procedurally sound, we review the substantive reasonableness of the sentence for abuse of discretion. *Id.* A district court's unjustified reliance on a single § 3553(a) factor may be "a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, significant reliance on a single factor does not necessarily make the sentence unreasonable. *Id.* at 1192; *see Gall*, 128 S. Ct at 600 (holding that a district court did not commit reversible error because it "attached great weight" to one factor). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation and internal quotation marks omitted). A sentence will be remanded only when the district court commits "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191. While a sentence within the guideline range is not *per se*

5

reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Pursuant to § 3553(a), the sentencing court shall impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). The Supreme Court has recognized that the guidelines are merely advisory, and that a sentencing judge is "in a superior position to find facts and judge their import under § 3553(a) in each particular case." *See Kimbrough v. United States*, 552 U.S. 85, ___, 128 S. Ct. 558, 574, 169 L. Ed. 2d 481 (2007) (citation and internal quotation marks omitted). The appellant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788.

We conclude from the record that the district court did not abuse its discretion in giving deference to U.S.S.G. § 2G2.2, and Rodriguez's 110-month below-range sentence was not outside the range of reasonable sentences. Because Rodriguez failed to establish that his sentence is unreasonable in light of the record and the § 3553(a) factors, we affirm his sentence.

**AFFIRMED.**