United States Court of Appeals,

Eleventh Circuit.

No. 96-8249

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Henry Benjamin MASTERS, Defendant-Appellant.

Aug. 11, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:95-CR-503-2), Clarence Cooper, Judge.

Before TJOFLAT, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Henry Benjamin Masters pled guilty to the offense of second degree murder. The murder occurred at the Atlanta Penitentiary, where Masters was serving a life sentence for conspiracy to commit murder;[1] the victim was a inmate at the penitentiary. At sentencing, the district judge announced that he was going to depart upwardly from the guideline range, which called for a sentence of 121-151 months imprisonment, and impose a sentence of 240 months because of "the severity of the offense, a murder and death." Masters' attorney objected to the departure on two grounds. The first ground was that the court had not given Masters prior notice that it would consider an upward departure at the sentencing hearing.[2] The second ground was that the Sentencing Commission had already taken "a murder and death" into account in framing the guideline for murder in the second degree, U.S.S.G. 2A1.2(a); accordingly, a murder and death could not serve as a basis for departing from the guideline range.

The prosecutor, knowing full well that the court could not use the death of the victim as a

[1] The conspiracy offense was committed prior to the effective date of the sentencing guidelines. Masters' life sentence was therefore subject to parole. Masters' presumptive parole date was April 2009.

[2] In its presentence report, the court's probation office did not recommend an upward departure.

basis for an upward departure,[3] attempted to provide the court with a ground[4] that might suffice—Masters' poor institutional behavior. According to Bureau of Prisons records, Masters had been disciplined for, among other things, assault and use of narcotics. The court ignored the prosecutor's attempt to justify the intended departure on this basis, and announced that it would depart because of the death of the victim and "everything contained within [the presentence] report."

The court, recognizing that Masters' attorney had a valid objection concerning the lack of notice, indicated that it would continue the hearing in order to give the defense an opportunity to prepare a case against an upward departure. Masters, however, did not want a continuance; he told his attorney and the court that he wanted to proceed with the hearing. "I want to get the sentence, and we will appeal. I have got that right." After a brief recess, in which Masters and his attorney conferred, counsel informed the court that, in light of the court's statement that it would hand down an above-guideline sentence, he had advised Masters to withdraw his guilty plea and go to trial. Masters, however, wished to proceed.

The sentencing hearing therefore continued. Once again, Masters' attorney objected to the upward departure, explaining that the Sentencing Commission had taken murder into account in fashioning the guideline for second degree murder. Although it is self-evident that a guideline for second degree murder necessarily takes into account the death of the victim, the court stood fast to its decision to depart. Finally, out of pure desperation, defense counsel informed the court that Masters would appeal its decision. Masters, however, promptly intervened and instructed counsel to withdraw his objection. The following colloquy ensued:

> [Defense counsel]: Your honor, I withdraw any objections based upon the specific request of my client.

> Mr. Masters: Your honor, please sentence me and let me get out of here.

---

[3]Moreover, because the court stated on the record that it "was not familiar with circumstances surrounding the [murder]," the prosecutor knew that the court would not be taking such circumstances into account in deciding to depart.

[4]The prosecutor had a duty—by virtue of his oath of office, if nothing more—to inform the court that it could not depart upwardly on account of the victim's death. The prosecutor disregarded that duty; instead, he tried to provide the court with a different basis for the departure, but the court ignored him. The prosecutor's conduct in this matter was reprehensible.

The court: All right, let the record show he is withdrawing any objection, and I will go ahead and sentence the defendant.

The court then sentenced Masters to a prison term of 240 months, to run consecutively to the sentence Masters was then serving, and a five-year term of supervised release upon conditions the court read into the record.

Thereafter, the court asked Masters if he objected to the sentence. His attorney replied: "Yes, I object to the sentence. I object to the conditions [of supervised release] imposed." After informing Masters that he had ten days to appeal, the court concluded the hearing.

Masters appeals, contending that the court erred in imposing a sentence above the guideline range. The court did err; everyone in the courtroom (except the court), including the defendant, knew it. Masters, however, waived the objection, and he did so knowingly.[5] The plain error doctrine is inapplicable in a situation such as this—where the defendant fully comprehends the error the court is going to commit and nonetheless agrees to be bound by it. The district court's judgment is, accordingly,

AFFIRMED.

---

[5]The Government, in its answer brief, argues that we should affirm Masters' sentence on alternative grounds: (1) that Masters' knowingly withdrew his objection to the upward departure; and (2) that the departure was warranted by "the particular facts of this case make the offense particularly egregious" and Masters' assaultive behavior while incarcerated in the Atlanta penitentiary. We decide this appeal on the first ground; the second ground is meritless.