**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 00-4117

JOHN HOWARD HUDSON, a/k/a Nort,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-48)

Submitted: August 10, 2000

Decided: September 20, 2000

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jane Moran, JANE MORAN LAW OFFICES, Williamson, West Vir-
ginia, for Appellant. James K. Robinson, Assistant Attorney General,
James S. Reynolds, Chief, Terrorism & Violent Crime Section, John
W. Van Lonkhuyzen, Criminal Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Howard Hudson pled guilty to participating in a conspiracy involving methamphetamine, marijuana, cocaine, and amphetamine, 21 U.S.C. § 846 (1994) (Count One), and using and carrying a firearm during a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000) (Count Nine). The district court imposed a sentence of 180 months imprisonment and five years supervised release for the drug conspiracy, to be followed by a consecutive five-year sentence for the § 924(c) conviction, with a three-year concurrent sentence of supervised release. Hudson appeals his sentence, contending that the district court plainly erred in making an adjustment for obstruction of justice. See U.S. Sentencing Guidelines Manual § 3C1.1 (1998). We affirm.*

One of Hudson's co-defendants, Overton Wayne Pauley, was prosecuted for murdering two people. Investigators received information that Hudson had loaned Pauley a shotgun on the night of the murders. Although the victims were shot with a different type of firearm, Pauley and his accomplice reportedly carried two weapons, one of which was a shotgun. When Hudson was interviewed by investigators, he denied loaning Pauley a shotgun. At sentencing, Hudson admitted that he had in fact given Pauley a shotgun on the night of the murders, and had falsely denied doing so. Hudson's attorney conceded that his untruthful statements to investigators warranted an adjustment for obstruction of justice. The district court then made a finding, indepen-

_____

*We have considered the effect of Apprendi v. New Jersey, 120 S. Ct. 2348, 2000 WL 807189 (2000), and find that, because Hudson received a sentence of imprisonment that did not exceed the statutory maximum set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. See United States v. Aguayo-Delgado, ___ F.3d ___, 2000 WL 988128, at *6 (8th Cir. July 18, 2000).

2

dent of counsel's statement, that Hudson had attempted to obstruct justice by lying to investigators about the shotgun.

While Hudson now seeks to challenge the court's ruling, we find that he has waived the right to raise the issue by abandoning his objection to the adjustment at sentencing. See United States v. Valenzuela, 150 F.3d 664, 667 (7th Cir. 1998) (waiver of objection to sentence based on crack); United States v. Newman , 148 F.3d 871, 878-79 (7th Cir. 1998) (waiver of argument for minor role reduction); United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997) (waiver of objection to upward departure on impermissible ground). Hudson argues that he did not intentionally waive his objection to the adjustment, and has merely forfeited it, making review for plain error possible. See United States v. Olano, 507 U.S. 725, 732 (1993). However, even if we were to treat the issue as forfeited, rather than waived, we could not say that the district court plainly erred in making the adjustment.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3
4