[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-11902
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00413-CR-T-24

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

POMPILIO DELGADO-MINA,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(March 21, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Pompilio Delgado-Mina appeals his 135-month

sentence imposed after he pled guilty to (1) possession with intent to distribute

five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

We first address Delgado-Mina's contention that the district court erred in denying him a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2. Before sentencing, Delgado-Mina filed a sentencing memorandum in which he argued that, because his role in the drug smuggling operation was minimal or minor, he was entitled to a reduction in his offense level under U.S.S.G. § 3B1.2. But at his sentencing hearing, Delgado-Mina informed the district court that he was not going to proceed on this claim; and the district court did not consider Delgado-Mina's earlier mitigating-role objection.[1]

---

[1]After Delgado-Mina informed the district court that he was not proceeding with his mitigating-role objection, the district court judge addressed Delgado-Mina's lawyer, stating "[y]ou had indicated you were not going to pursue a minor role objection, but I assume you still are asking that [Delgado-Mina] be sentenced outside of the advisory guidelines?" About the mitigating-role objection, Delgado-Mina's lawyer replied, "we did consider perhaps a minor role, but his role was, in all candor, . . . just like everyone else, quite frankly."

If a defendant raises -- and then knowingly withdraws -- an objection to his sentence, we consider the objection waived and will not review it on appeal. See United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997) (refusing to apply plain error review where defendant withdrew objection at sentencing despite defendant's awareness that the district court had committed error); see also United States v. Olano, 113 S.Ct. 1770, 1777 (1993) (explaining that, in criminal cases, plain error review extends to forfeited errors, where defendant fails to make a timely objection, but not to waived errors, where defendant intentionally relinquishes or abandons a known right). Here, Delgado-Mina has waived his challenge to the denial of a mitigating-role reduction; and we do not consider this issue on appeal.[2]

We turn to Delgado-Mina's argument that his sentence was unreasonable under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738

---

[2]Even if we did consider Delgado-Mina's mitigating-role argument for plain error, his argument would fail. Under a plain-error analysis, the defendant must establish (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). In this case, Delgado-Mina's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 5,443 kilograms of cocaine seized from the drug smuggling boat on which he was traveling. See United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) (explaining that the first element a sentencing court should consider when determining a defendant's role in an offense is "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing"). And Delgado-Mina has failed to show that he was "less culpable than most other participants in [his] relevant conduct." Id. at 944. Therefore, sentencing Delgado-Mina without applying a mitigating-role adjustment was not plain error.

(2005). He contends that, in determining his sentence, the district court should have considered that he is "an undereducated 46-year old man who has spent his entire life as a cook aboard fishing vessels." Delgado-Mina also asserts that, although he learned before leaving Colombia that the smuggling boat was involved in suspicious activity, he stayed on the boat to avoid risking his family's safety.

Delgado-Mina was sentenced after the Supreme Court issued its decision in Booker; so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Delgado-Mina's sentence was reasonable. The district court correctly calculated his Guidelines imprisonment range as 135 to 168 months; and the court sentenced Delgado-Mina to the lowest point of that range. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that

4

"ordinarily we would expect a sentence within the Guidelines range to be reasonable").

In addition, in sentencing Delgado-Mina, the district court noted the section 3553(a) factors, commenting in particular on the large quantity of cocaine involved in this case. The district court judge also explained that she considered specifically the nature and circumstances of Delgado-Mina's offense; his history and characteristics; and the need to provide adequate deterrence, protect the public, and reflect the seriousness of his offense. The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the [section] 3553(a) factors or to discuss each of the [section] 3553(a) factors"). And nothing in the record convinces us that Delgado-Mina's sentence was unreasonable in the light of the section 3553(a) factors.[3]

AFFIRMED.

---

[3]The government contends that Delgado-Mina's failure to argue before the district court that his sentence was unreasonable indicates that, instead of reviewing his sentence for reasonableness, we should review Delgado-Mina's challenge on appeal to the reasonableness of his sentence only for plain error. We need not decide this issue because Delgado-Mina's claim that his sentence was unreasonable fails under either standard of review.