[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14605
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00003-CR-AAA-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 2, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Joe Johnson appeals his 115-month sentence, imposed following his guilty

plea to possession of a firearm by a convicted felon. We affirm.

Pursuant to a written plea agreement, Johnson pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). According to the presentence investigation report ("PSI"), police obtained a search warrant for the home Johnson shared with his girlfriend. Upon executing the warrant, police found a firearm that had been reported stolen six months earlier, marijuana, and scales and baggies used to package drugs. When Johnson returned home and was arrested, he admitted that he purchased the firearm and that the marijuana was his. He further admitted selling "a little bit" of marijuana. The amount of marijuana found was 29.4 grams.

The probation officer assigned a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because Johnson had at least two prior felony convictions. That level was increased by two because the firearm was stolen, § 2K2.1(b)(4), and by four because Johnson possessed the firearm in connection with the sale of marijuana, § 2K2.1(b)(6). With a 3-level reduction for acceptance of responsibility, the total adjusted offense level was 27. Johnson had a lengthy criminal history, which placed him in category VI, and the applicable guidelines range was 130 to 162 months' imprisonment. By statute, however, the maximum sentence was 120 months and this became the guidelines range. *See* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(a).

Johnson objected to the base offense level and the two enhancements. First, Johnson argued that his prior convictions had been consolidated for trial and sentencing, which, under state law, made them one conviction. The court agreed with Johnson and, accordingly, assigned a base offense level of 20 under § 2K2.1(a)(4).

Johnson also objected to the enhancement for a stolen firearm, arguing that there was no evidence, other than a preliminary report, that the gun had been stolen. The government called ATF agent Lee Hoover to testify that he was familiar with the initial report taken by an officer no longer with the police department and that he had interviewed the owner of the gun. Based on this testimony, Johnson withdrew his objection.

Finally, Johnson objected to the enhancement for possession in connection with another felony offense, asserting that the "smidgen" of marijuana police found was not what the guideline enhancement was intended to reach. The court stated that there was evidence that Johnson was in the drug business, and the government confirmed that Johnson had admitted selling marijuana. The government further explained that possession of even a small amount would qualify as a felony offense because Johnson had prior drug convictions. The court overruled the objection, recalculated the guidelines range to be 92 to 115 months' imprisonment, and

3

sentenced Johnson to 115 months.  Johnson now appeals.

We review the district court's factual findings for clear error and the application of the law to those facts *de novo*.  *United States v. Williams*, 527 F.3d 1235, 1247-48 (11th Cir. 2008) (internal citations omitted).  Arguments raised for the first time on appeal are reviewed for plain error.  *United States v. Sanchez*, 586 F.3d 918, 930, n.30 (11th Cir. 2009).  To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.  *Id.* at n.30.

Johnson raises two challenges to the district court's calculations of his guidelines range.  First, he argues that the district court improperly applied the enhancement for a stolen firearm under U.S.S.G. § 2K2.1(b)(4).  Second, he argues that he did not possess the firearm in connection with another felony offense under § 2K2.1(b)(6).  We address each in turn.

a. Stolen Firearm[1]

Section 2K2.1(b)(4) instructs the court to impose a two-level increase in the

---

[1]  Johnson abandoned his challenge to the enhancement for a stolen firearm when he withdrew the objection to the enhancement during sentencing.  *See United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997).  The government, however, did not raise this argument and contends that plain error review is appropriate.

offense level if the firearm involved was stolen.  U.S.S.G. § 2K2.1(b)(4)(A).

"The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

Here, the government presented testimony that ATF agent Hoover had interviewed the owner of the gun, the owner confirmed the serial number of the gun, and the serial number matched the firearm taken from Johnson's home.  This was sufficient for the court to impose the enhancement

b. Another Felony Offense

Section 2K2.1(b)(6) provides for a four-level increase in the base offense level if the defendant possessed any firearm in connection with another felony offense.  U.S.S.G. § 2K2.1(b)(6).  "Felony offense" is defined as "any federal, state, or local offense. . . punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought*, or a conviction obtained."  U.S.S.G. § 2K2.1, comment. (n.14(C)) (emphasis added).

Here, Johnson was found with drugs, baggies, and scales, which is consistent with selling drugs, and Johnson admitted selling some marijuana.  This evidence was sufficient to constitute a felony for possession of drugs with intent to

distribute under 21 U.S.C. § 841(a). The fact that Johnson was not charged with a felony is not relevant. U.S.S.G. § 2K2.1, comment. (n.14(C)).

Accordingly, we conclude that the district court properly calculated Johnson's sentencing range.

**AFFIRMED.**