
[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2010
JOHN LEY
CLERK

No. 10-11610
Non-Argument Calendar

_____

D.C. Docket No. 0:09-cr-60245-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RIVERAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2010)

Before BARKETT, HULL and HILL, Circuit Judges.

PER CURIAM:

Lazaro Riveras appeals his 235-month sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). On appeal, Riveras raises two arguments. First, he argues that the district court clearly erred in applying a three-level managerial-role enhancement, per U.S.S.G. § 3B1.1(b), upon finding that Riveras was a manager or supervisor. Second, Riveras agues that his 235-month sentence was substantively unreasonable because it resulted in an unwarranted sentencing disparity as compared to the sentences received by his codefendants.

I.

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We review the district court's application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Lee*, 427 F.3d 881, 892 (11th Cir. 2005). "A district court's upward adjustment of a defendant's Guidelines offense level . . . under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an

2

aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). The government meets this burden "by presenting reliable and specific evidence." *United States v. Lawrence*, 47 F.3d 1559, 1567 (11th Cir. 1995). The district court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

Under § 3B1.1(b), a three-level enhancement is appropriate where "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). Factors relevant to whether a managerial responsibility enhancement is applicable include

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment (n.4). To qualify for an enhancement under § 3B1.1(b), the defendant need only manage or supervise one other participant. *See* U.S.S.G. § 3B1.1 comment. (n.2).

Riveras contends that the district court clearly erred in imposing a three-

level enhancement pursuant to USSG § 3B1.1 because its finding that he played a managerial or supervisory role in the offense was based upon contested facts not set forth in the PSI, which the government failed to prove by a preponderance of the evidence.

This is not so. After defense counsel objected to the government's reliance on facts not set forth in the PSI as a basis for the enhancement, the district court expressly disavowed an intention to "rely upon any testimony that wasn't in the PSI that you didn't have a chance to cross examine that you have objected to." The district court's subsequent ruling on the role enhancement reveals that it adhered to this decision with one exception,[1] and that, when defense counsel called this to the court's attention, the court immediately offered to "vacate the sentence, reset the sentencing hearing, start anew, [Riveras] can make [his] objections, [the prosecutor] can bring in whatever additional testimony he may or may not want to bring in, and we can start all over again in the future." At that point, defense counsel and Riveras conducted a private conversation, after which counsel announced that "Mr. Riveras doesn't want to do that."

Under these circumstances, Riveras is not entitled to any relief. Any

---

[1]The district court relied in part on a tape recording in which Riveras told an undercover agent that they should kidnap and hold for ransom certain people.

objection he may have had to the tape recording was waived by his affirmative rejection of the district court's offer to cure the defect in sentencing by vacating and resetting the sentencing. Riveras cannot now profit from the error he so invited. *See United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997). The invited error doctrine precludes reversal. *See United States v. Silvestri*, 409 F.3d 1311, 1327-28 (11th Cir. 2005).

Furthermore, even if Riveras did not waive the objection, the alleged error was harmless. At the change-of -plea hearing, Riveras explicitly admitted that he told the undercover agent that "they planned on stealing the cocaine and kidnaping the guards to the stash house to secure the payment of ransom money for their release." The same allegation was recited in the PSI and Riveras did not contest that allegation in his PSI objections. Riveras' admissions relieved the government of any obligation to produce evidentiary support for the allegation and provided an independent and reliable basis for the district court to conclude that he bore responsibility. *See United States v. Sheldon*, 400 F.3d 1325, 1330 (11th Cir. 2005). Accordingly, any procedural error resulting from the court's reliance on the tape recording was harmless.

The district court's application of a three-level aggravating-role enhancement, per § 3B1.1(b), was supported by the record, which established that

Riveras was a manager or supervisor of criminal activity that involved five or more participants. We shall affirm as to this issue.

## II.

We review the sentence imposed by the district court for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." *Id.* at 788. If we conclude that the district court made no procedural errors, we "then consider the substantive reasonableness of the sentence imposed." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the

defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a). As to the sixth factor, there cannot be an unwarranted sentencing disparity between defendants who are not similarly situated. *United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009).

Riveras' sentence is not substantively unreasonable because he was not similarly situated to his co-defendants. As the district court observed in addressing Riveras' objections to the PSI regarding the applicable advisory guideline range, one of his co-defendants was less culpable than he, and the other provided assistance to the government. Nor was Riveras similarly situated to the remaining co-defendants because, unlike them, he held a supervisory position in the criminal enterprise.

Therefore, Riveras was not similarly situated to his co-defendants and the resulting disparity between his 235-month sentence and theirs was not substantively unreasonable. Accordingly, we shall affirm as to this issue.

III.

7

Based on our review of the record and the parties' briefs, we affirm Riveras'
sentence.

**AFFIRMED.**