[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 09-15195 & 09-15196
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00069-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARSH SHARMA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(January 5, 2011)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Harsh Sharma appeals the 60-month total prison sentence imposed by the district court following his conviction on one count of knowingly distributing controlled substances, Hydrocodone and Diazepam, and two counts of knowingly possessing with intent to distribute Hydrocodone.

As an initial matter, Sharma's plea agreement contained an appeal waiver. The appeal waiver expressly permits Sharma to appeal his sentence where the sentence exceeds the guideline range as determined by the district court. Accordingly, Sharma's argument against enforcement of his appeal waiver is superfluous.

## I.

Sharma first argues that the district court erred in applying a two-level increase at sentencing for abuse of position of trust, pursuant to U.S.S.G. § 3B1.3, as the enhancement was not supported by the evidence presented at sentencing. Sharma concedes that he withdrew his objection to this enhancement, but maintains that he is still entitled to relief on appeal.

We have held that a defendant's clear and affirmative withdrawal of a sentencing objection precludes review of such objection on appeal. *United States v. Horsfall*, 552 F.3d 1275, 1283-84 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2034 (2009); *see also United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997)

2

(defendant waived objection to upward departure).

On this record, we conclude that Sharma cannot obtain review of the enhancement he received for abuse of a position of trust because he expressly withdrew his objection to this enhancement at the sentencing hearing. When the government prepared to present testimony at Sharma's sentencing hearing in support of the proposed enhancement for abuse of a position of trust, Sharma's counsel announced that Sharma was withdrawing his earlier objection to the enhancement. Upon being informed that Sharma was withdrawing his objection, the district court confirmed directly with Sharma that he agreed with the decision to withdraw his objection, and that he understood he was therefore facing an additional two-level increase to his total offense level. The district court's actions in this regard are similar to *Horsfall*, wherein the district court went the additional step of exploring the decision to waive the sentencing objection directly with the defendant, to ensure that it was knowing and voluntary. *Horsfall*, 552 F.3d at 1283. Per *Horsfall*, Sharma has therefore waived any argument he may have had regarding the challenged enhancement. *Id.*

## II.

Sharma next argues that his total sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the purposes of the Sentencing

Guidelines. Sharma essentially challenges the district court's weighing of the § 3553(a) factors and its purported rejection of his mitigation arguments.

"Courts of appeals must review all sentences-whether inside, just outside, or significantly outside the Guidelines range-under a deferential abuse-of-discretion standard." *United States v. Sanchez*, 586 F.3d 918, 935 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1926 (2010) (citing *Gall v. United States*, 552 U.S. 38, 40, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007) (alterations omitted)). Accordingly, we review sentencing decisions for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (*en banc*); *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009), *cert. denied*, 129 S. Ct. 2847 (2009). We evaluate the substantive reasonableness of a sentence under the totality of the circumstances, including the extent of any upward or downward variance from the guidelines. *Irey*, 612 F.3d at 1189-90. "Sentences outside the guidelines are not presumed to be unreasonable, but [the Court] may take the extent of any variance into [its] calculus." *Shaw*, 560 F.3d at 1237 (citation omitted).

"When the district court decides after serious consideration that a variance is in order, it should explain why that variance is appropriate in a particular case with sufficient justifications." *Shaw*, 560 F.3d at 1238 (internal quotation marks omitted). "The justifications must be compelling enough to support the degree of

the variance and complete enough to allow meaningful appellate review. But the Supreme Court has specifically rejected the idea that an extraordinary justification is required for a sentence outside the guidelines range." *Id.* (internal quotation marks omitted).

> Because of its institutional advantage in making sentence determinations, a district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate. We must give its decision due deference. We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. However, that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal.

*Shaw*, at 1238 (citations and internal quotation marks omitted).

"A defendant challenging his sentence bears the burden of establishing that it is unreasonable." *Sanchez*, 586 F.3d at 935 (citation omitted).

Sharma has failed to demonstrate that his sentence is substantively unreasonable as a result of the upward variance applied by the district court. As required by precedent, the district court explained its decision to apply an upward variance, citing in its Statement of Reasons its reliance on several of the § 3553(a) factors, including the nature and circumstances of the offenses, the seriousness of

5

the offenses, the need for just punishment and deterrence, and the need to protect the public from Sharma's further crimes. The concurrent 60-month prison sentences imposed, though significantly above the 41-month high-end for each count of conviction under the applicable guideline, are still significantly less than the statutory maximum of 15 years (5 years for each count of conviction). Under these facts, Sharma has failed to meet his burden to show that the district court abused its discretion, *i.e.*, that his sentence was unreasonable. *See, e.g.*, *Sanchez*, 586 F.3d at 934 (sentence was not unreasonable where the district court applied both an upward departure and an upward variance based on criminal history, imposing a 200-month prison sentence where the guideline range before an upward departure was 130 to 162 months); *Shaw*, 560 F.3d at 1236-37 (sentence was not unreasonable where district court varied upward based on several § 3553(a) factors, imposing a statutory maximum 120-month sentence where the guideline range was 30 to 37 months).

For the aforementioned reasons, we affirm Sharma's sentences.

**AFFIRMED.**[1]

---

[1]Because Sharma has failed to raise any issues with respect to Appeal No. 09-15196, we consider all issues abandoned and direct the clerk to close the appeal. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).