[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13209
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00009-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DEON KORFHAGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 3, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

After reserving his right to appeal the district court's denial of his motion to dismiss the indictment, James Korfhage pleaded guilty to enticing a minor to engage in sexual activity "for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). His conviction arose from his interactions with L.K., a 17 year-old female whom he met online. After the two communicated online and agreed to meet, Korfhage, who was 36 years old, drove from his home in Georgia to Florida, where he met L.K. and took her to a hotel. The two engaged in sexual activity and Korfhage took 17 pictures of L.K. engaging in that activity as well as posing nude. By engaging in sexual activity with L.K., Korfhage violated Florida law, which forbids "[a] person 24 years of age or older [to engage] in sexual activity with a person 16 or 17 years of age." Fla. Stat. § 794.05(1). Korfhage was later arrested for his conduct with L.K. At the time of his arrest, Korfhage attempted to delete the pictures he had taken of L.K., which were stored on his cell phone. A forensic examination of the cell phone recovered those pictures several months after the cell phone was initially searched.

At sentencing, the district court calculated a total offense level of 36 and a criminal history category of III, giving Korfhage a guidelines range of 235 to 293 months imprisonment. The district court then sentenced Korfhage to 240 months imprisonment. This is his appeal.

I.

Korfhage first contends that the charge against him should have been dismissed because his actions did not violate § 2422(b) under the statute's plain meaning.

Section 2422(b) states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).  Korfhage contends that § 2422(b) criminalizes only sexual activity that is of a nature that, by engaging in it, the minor commits a crime. Korfhage concludes that because L.K., a minor, cannot be prosecuted for Florida statutory rape, he did not commit a crime under § 2422(b).  We disagree.

"As with any question of statutory interpretation, we begin by examining the text of the statute to determine whether its meaning is clear."  United States v. Zheng, 306 F.3d 1080, 1085 (11th Cir. 2002) (quotation marks omitted). Section 2422(b)'s plain language is not as limited as Korfhage contends.  It criminalizes enticing a minor to engage in sexual activity "for which any person can be charged with a criminal offense," 18 U.S.C. § 2422(b) (emphasis added), not for which only the minor can be charged with a criminal offense.  As a result,

3

because Korfhage enticed L.K. to engage in sexual activity for which Korfhage could have been charged under Florida law, he violated § 2422(b).

Korfhage also contends that § 2422(b) is unconstitutionally vague. We review de novo the district court's rejection of a vagueness challenge. See United States v. Paradies, 98 F.3d 1266, 1282 (11th Cir. 1996). "A statute is not unconstitutionally vague if it 'define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" United States v. Waymer, 55 F.3d 564, 568 (11th Cir. 1995) (quoting Kolender v. Lawson, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1983)) (alteration in original). The Supreme Court has noted that while the vagueness doctrine "focuses both on actual notice to citizens and arbitrary enforcement," the "more important" focus is "the requirement that a legislature establish minimal guidelines to govern law enforcement" so that the statute does not "permit a standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections." Kolender, 461 U.S. at 357–58, 103 S. Ct. at 1858 (quotation marks omitted).

Korfhage argues that § 2422(b) is vague because the age of consent varies from state to state, and as a result, it encourages arbitrary enforcement because it "criminalizes behavior based on the happenstance of geography." The provision is no more vague than state boundary lines, which is to say not at all. And it does not

4

encourage arbitrariness in enforcement by recognizing differences in state law; differences that are dependent upon, or defined by, state law are not arbitrary.

## II.

Korfhage also contends that the district court erred in calculating his United States Sentencing Guidelines (2015) range by (A) applying § 2G1.3's cross-reference to § 2G2.1 for production of pornography, (B) applying a two-level enhancement because Korfhage's offense involved the use of a computer, (C) applying a two-level enhancement for obstruction of justice, (D) refusing to apply a two-level reduction for Korfhage's acceptance of responsibility, and (E) counting his prior conviction for marijuana possession when calculating his criminal history score.  We review de novo the district court's interpretation of the guidelines and we review for clear error its factual findings.  See United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir. 2007).

## A.

Korfhage argues that the district court erred in applying a base offense level of 32 after finding that one purpose of his enticement of L.K. was to produce a visual depiction of their sexual activity.  While § 2G1.3 provides a base offense level of 28 for convictions under § 2422(b), it also provides that if "the offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct" then the base offense level is

5

determined by § 2G2.1 — if that level is greater than the one set in § 2G1.3. U.S.S.G. § 2G1.3(c)(1). Section 2G2.1 provides for a base offense level of 32, which is greater than the base offense level of 28 set out in § 2G1.3. U.S.S.G. § 2G2.1(a). Because the district court found that the government had proven by a preponderance of the evidence that one of Korfhage's purposes in enticing L.K. was to produce a visual depiction of the conduct, it applied § 2G2.1's base offense level of 32. See Bohannon, 476 F.3d at 1251 ("The burden is on the government to prove the factors that trigger the cross-reference by a preponderance of the evidence.").

Korfhage contends that the district court clearly erred in finding that one of the purposes of his enticement of L.K. was to take pictures of the sexual conduct. At the sentence hearing, the court based its finding on the 17 photographs of L.K. taken in the Florida hotel room. It did not clearly err in finding by a preponderance of the evidence that a purpose of the enticement was to produce a visual depiction of sexual conduct. Korfhage took the photographs of L.K. during the crime, which is evidence that one of the purposes of his enticement of her was to take those photographs.

### B.

Next, Korfhage contends that the district court impermissibly engaged in double counting by applying a two-level enhancement because his offense

6

involved the use of a computer. Section 2G1.3(b)(3) of the guidelines provides for a two-level increase "[i]f the offense involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." U.S.S.G. § 2G1.3(b)(3).

We review de novo claims of double counting. United States v. De La Cruz Suarez, 601 F.3d 1202, 1220 (11th Cir. 2010). "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." Id. (quotation marks omitted) (emphasis added). And "[w]e presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise." United States v. Dudley, 463 F.3d 1221, 1227 (11th Cir. 2006). Korfhage contends that because he was convicted of 18 U.S.C. § 2422(b), which requires the use of "the mail or any facility or means of interstate or foreign commerce," his use of a computer was already accounted for by his base offense level. His base offense level, however, did not fully account for Korfhage's use of a computer, because that offense level would have applied had he used any means of interstate commerce, which is a consideration distinct from the specific harm contemplated under § 2G1.3(b)(3) for use of a computer. As a result, the district court did not engage in double counting by applying that two-level enhancement.

C.

Korfhage also argues that the district court erred in applying a two-level obstruction of justice enhancement based on his deletion of the cell phone pictures of L.K.  Under U.S.S.G. § 3C1.1, a two-level obstruction of justice enhancement is proper if "the defendant willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction."  U.S.S.G. § 3C1.1.  The enhancement applies where the defendant destroyed or concealed "evidence that is material to an official investigation or judicial proceeding," but if that conduct "occurred contemporaneously with arrest . . . it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense"  Id. cmt. n.4(D).  "Under U.S.S.G. § 3C1.1, the threshold for materiality is conspicuously low."  United States v. Massey, 443 F.3d 814, 821 (11th Cir. 2006) (quotation marks omitted).

The district court did not clearly err in finding that Korfhage acted willfully by deleting the pictures and that he materially hindered the investigation against him.  At the time of his arrest, Korfhage was attempting to erase only incriminating pictures on his phone.  See id. at 819 ("We have interpreted 'willfully . . . to mean the defendant must consciously act with the purpose of obstructing justice.'")

8

(omission in original) (quoting United States v. Revel, 971 F.2d 656, 661 (11th

Cir. 1992)).  As to its findings that deleting the pictures materially hindered the

investigation, the district court also did not clearly err.  Those pictures were

compelling evidence that Korfhage violated § 2422(b), and it took months for law

enforcement to recover them.  As a result, his deletion was a material hindrance to

the investigation and prosecution of that crime.[1]

## D.

Korfhage also contends that the district court erred in declining to apply a

two-level reduction for his acceptance of responsibility.  The guidelines provide

for a two-level reduction "[i]f the defendant clearly demonstrates acceptance of

responsibility for his offense."  U.S.S.G. § 3E1.1(a).  At the sentence hearing, the

district court noted that while Korfhage "was quite candid" and "honest" during his

allocution,[2] other considerations, including the deletion of the cell phone pictures,

weighed against applying the two-level reduction.

Korfhage contends that, in addition to his honesty during his allocution,

additional factors, including the fact that he pleaded guilty, his recognition that his

---

[1] The district court alternatively found that the obstruction of justice enhancement applied because testimony at the sentence hearing showed that Korfhage, while in custody following his arrest, asked other inmates to contact L.K. and threaten or encourage her to change her testimony.  Because we conclude that the obstruction of justice enhancement was proper based on the deletion of the pictures, we need not address Korfhage's argument that the district court erred in alternatively finding that he solicited inmates to get L.K. to change her testimony.

[2] The district court also took into account the fact that had Korfhage taken the same actions in his home state of Georgia, he would not have committed statutory rape.

actions impacted L.K. and her family, and his expressions of regret and remorse weighed strongly in favor of applying the acceptance of responsibility reduction.

However, "[a] defendant who pleads guilty is not entitled to a reduction for acceptance of responsibility as a matter of right." United States v. Wade, 458 F.3d 1273, 1279 (11th Cir. 2006). While "pleading guilty before trial, combined with truthful admission of the conduct comprising the offense and relevant conduct, . . . constitutes significant evidence of acceptance of responsibility," that evidence "may still be outweighed by conduct of the defendant that is inconsistent with acceptance of responsibility." Id. For example, conduct resulting in an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," although there may be "extraordinary cases in which adjustments" both for obstruction of justice and acceptance of responsibility could apply. U.S.S.G. § 3E1.1 cmt. n.4.

The district court did not clearly err in finding that Korfhage had not demonstrated acceptance of responsibility. As we have discussed, the district court properly applied an obstruction of justice enhancement because Korfhage had attempted to destroy material evidence when he deleted the pictures of L.K. It did not clearly err in finding that this was not an extraordinary case where adjustments for both obstruction of justice and acceptance of responsibility should apply.

10

E.

Korfhage also appeals his criminal history calculation.  As part of that calculation, the district court added one criminal history point based on his prior conviction for possession of marijuana.  Korfhage contends that the counting of that conviction was erroneous because the only evidence offered to prove that conviction took the form of computer screenshots from a county clerk's office.  While Korfhage initially objected to using those screenshots as the evidentiary basis for applying the criminal history point, he later indicated more than once at the sentence hearing that his objection had been resolved.  See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is . . . established law that the failure to object to a district court's factual findings precludes the argument that there was error in them."); United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997) (declining to review a sentence imposed above the guideline range where the defendant withdrew his objection to the upward departure).[3]

**AFFIRMED.**

---

[3] Korfhage also appeals the district court's decision to add one criminal history point based on his prior convictions for disorderly conduct.  With the addition of that criminal history point, Korfhage's criminal history score was five, which established a criminal history category of III.  To the extent the district court erred, the error was harmless because removing that criminal history point would still result in Korfhage having a criminal history category of III.  See United States v. Wilson, 901 F.2d 1000, 1002 n.2 (11th Cir. 1990).

11