[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14852
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00040-MTT-CHW-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON HARRIS,
a.k.a. Boo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 19, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Brandon Harris was convicted of one count of misprision of felony, in violation of 18 U.S.C. § 4, for concealing from law enforcement his knowledge of the theft of firearms from a sporting-goods store. At sentencing, the district court ordered Harris to pay the sporting-goods store and its insurer a total of nearly $25,000 for the stolen firearms.

Harris argues on appeal that his guilty plea was unknowing and involuntary because he was unaware, until sentencing, that he would be required to pay restitution at all or in the amounts eventually ordered. And he asserts that the government breached the terms of the plea agreement by seeking restitution at sentencing. He desires either to excise the restitution order or to withdraw his guilty plea altogether.

Harris suggests that our review is for plain error, which we apply to forfeited claims not properly raised below. But plain-error review is not appropriate where, as here, a defendant has waived the issues he raises on appeal. *See United States v. Lewis*, 492 F.3d 1219, 1221 (11th Cir. 2007) ("[W]hile forfeited claims are reviewed under [Fed. R. Civ. P.] 52(b) for plain error, waived claims are not.").

"Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation marks omitted). For instance, we have held that a defendant's affirmative, voluntary, and knowing withdrawal of

2

a sentencing objection waives review of such objection on appeal, even for plain error. *United States v. Horsfall*, 552 F.3d 1275, 1283–84 (11th Cir. 2008); *United States v. Masters*, 118 F.3d 1524, 1525–26 (11th Cir. 1997). Similarly, under the doctrine of "invited error," we have held that a party who induces or invites the district court into making an error is precluded from contesting the error on appeal. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). This doctrine stems from the common-sense notion that a party who invites the trial court to commit an error cannot later cry foul on appeal. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Here, Harris waived his challenges to the validity of his guilty plea and, with it, to the restitution order. At sentencing, the district court offered to allow him to withdraw his guilty plea based on his assertions that he was unaware that restitution would be imposed as part of his sentence. *See* Doc. 324 at 18 ("I will let you withdraw your guilty plea if that's what you want to do."). In other words, the court offered Harris the very relief he seeks on appeal.

But Harris declined the district court's offer with full knowledge of what that entailed. Instead, he advised the court, first through counsel and then personally, that he understood restitution was part of his guilty plea, he did not wish to withdraw his guilty plea, and he was ready to finish sentencing and for the court to award restitution as outlined in the presentence investigation report.

Defense counsel then advised the court that, in counsel's view, Harris's decision to proceed with sentencing, and to have the court order restitution, was knowing and voluntary.  We agree.  And only after the court received Harris's personal assurance about these matters did it finish the hearing and order restitution.

Harris's actions constitute waiver.  Even assuming that the district court erred during the plea colloquy, Harris knowingly and voluntarily refused to withdraw his guilty plea and, instead, reaffirmed it with the knowledge that the court would order him to pay $23,194 to the insurance company and $1,088 to the sporting-goods store.  By expressly telling the court to move forward with sentencing and to impose restitution, with full knowledge of what that entailed, Harris waived review, even for plain error, of any challenge he could have made to voluntariness of his guilty plea based on his alleged lack of knowledge of restitution.  *Cf. Masters*, 118 F.3d at 1526 ("The plain error doctrine is inapplicable in a situation such as this—where the defendant fully comprehends the error the court is going to commit and nonetheless agrees to be bound by it.").

Likewise, Harris cannot now argue that the plea agreement barred the government from seeking restitution because he expressly agreed at sentencing that restitution could be awarded as part of his plea.  *See Brannan*, 562 F.3d at 1306.  In any case, the government breached no obligation in the plea agreement, because nothing in the plea agreement prohibited the government from seeking restitution

4

or a particular amount of restitution.  To the contrary, Harris acknowledged in the plea agreement that restitution could be awarded to any victims, even if specific details were lacking.

For these reasons, we affirm Harris's conviction and sentence.

**AFFIRMED.**