[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14525
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60070-WPD-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FRANK PELLEGRINO,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2019)

Before MARCUS, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Pellegrino appeals his 57-month total sentence for importation of fentanyl and possession of a firearm by a convicted felon.  He argues that: (1) the district court erred in imposing a two-level dangerous weapons enhancement,

pursuant to U.S.S.G. § 2D1.1(b)(1); and (2) while he withdrew his objection to the enhancement at sentencing, the application of the enhancement was nevertheless plain error because he merely possessed fentanyl, which is a separate offense with its own sentencing guideline.  After careful review, we affirm.

We typically review the district court's factual findings under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Sentencing Guidelines to those facts de novo.  United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006).

However, a defendant's affirmative withdrawal of a previously articulated objection to his sentence calculation constitutes a waiver that precludes our review of that objection.  United States v. Horsfall, 552 F.3d 1275, 1283–84 (11th Cir. 2008); see also United States v. Cobb, 842 F.3d 1213, 1222 (11th Cir. 2016) (concluding that a defendant had waived any argument he may have had against the application of a sentencing enhancement by expressly withdrawing his objection to the enhancement at his sentencing hearing).  In Horsfall, the district court inquired at sentencing about the defendant's written objections to an upward departure, at which point defense counsel informed the court that the defendant had withdrawn the objections.  552 F.3d at 1283.  The court asked defense counsel why the objections were being withdrawn, and counsel answered that the defendant had requested that he do so.  Id.  The court then asked the defendant directly whether he had instructed his counsel to withdraw the objections, and the defendant responded

that he had. Id. We held that, notwithstanding the general rule that a defendant need not re-raise a ruled upon objection to preserve it for appellate review, the defendant's affirmative withdrawal of the objections precluded us from reviewing his arguments against the upward departure. Id. at 1283–84.

Similarly, in United States v. Masters, we held that a defendant had waived his challenge on appeal to the district court's upward departure from the guideline range. 118 F.3d 1524, 1526 (11th Cir. 1997). There, the defendant's counsel had withdrawn all of the defendant's objections at the specific request of the defendant. Id. The defendant confirmed that he had ordered the withdrawal of the objections and asked the court to proceed to sentencing. When, on appeal, the defendant argued that the court had erred in imposing a sentence above the guideline range, we said:

> The court did err; everyone in the courtroom (except the court), including the defendant, knew it. Masters, however, waived the objection, and he did so knowingly. The plain error doctrine is inapplicable in a situation such as this -- where the defendant fully comprehends the error the court is going to commit and nonetheless agrees to be bound by it.

Id. (footnote omitted).

On appeal, Pellegrino challenges the sentencing enhancement he received under U.S.S.G. § 2D1.1(b)(1), which increases a defendant's offense level by two levels if he is found by the court to have possessed a dangerous weapon (including a firearm) during the commission of a drug offense. However, we are precluded from reviewing Pellegrino's challenge to § 2D1.1(b)(1) because he affirmatively

3

withdrew, and thus waived, his objection to its application with full knowledge of the consequences for doing so.

As the record reveals, Pellegrino twice confirmed at sentencing that he was affirmatively withdrawing his objection to the calculation of his sentence, and the court twice told him the consequences of doing so before it proceeded to sentence him within the guideline range that Pellegrino had accepted as accurately calculated. Pellegrino first sought to withdraw his objection to the enhancement after a discussion with defense counsel. When the court asked if he had sufficient time to consider the issue and offered to reset the hearing, Pellegrino insisted on proceeding. The court replied that he should not rush into a decision, indicating that the guideline range would be reduced from 57 to 71 months' imprisonment without the enhancement, but Pellegrino again insisted on proceeding. Despite his response, the court continued the hearing to ensure the parties had time to explore fully whether Pellegrino had provided drugs to his house guests, an issue that potentially bore on the application of the enhancement, and defense counsel renewed the objection.

Then, when the hearing continued, defense counsel withdrew the objection to the dangerous weapon enhancement a second time. In response, the court again asked Pellegrino directly if he agreed with the strategy of withdrawing the objection or the guideline range of 57 to 71 months' imprisonment, Pellegrino said he did, and he and defense counsel both expressly affirmed that the guideline range of 57 to 71

4

months' imprisonment had been properly calculated.  On this record, it is abundantly clear that Pellegrino knowingly withdrew his objection to the enhancement with full knowledge of the consequences of doing so, and, thus, that we are precluded from reviewing Pellegrino's arguments against the application of the dangerous weapons enhancement that he has raised on appeal.  Horsfall, 552 F.3d at 1283–84; Masters, 118 F.3d at 1526.

**AFFIRMED.**