[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13205
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20784-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE GARRIDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2020)

Before MARTIN, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jorge Garrido ("Garrido") appeals the district court's restitution award, included as part of his sentence for conspiracy to commit wire fraud. He argues on appeal that the district court erred by imposing restitution at sentencing without holding a restitution hearing.

## I.

We normally review the legality of a restitution order *de novo*. *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007). However, when a defendant raises a challenge to a restitution order for the first time on appeal, as Garrido does here, we review the district court's order for plain error. *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002). When a defendant expressly consents to or affirmatively seeks a district court's decision, he is deemed to have invited any error the court may have made and waives appellate review. *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). When a defendant withdraws his objection and "fully comprehends the error the court is going to commit and nonetheless agrees [to it]," he has invited the error. *United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997).

## II.

Here, we decline to review Garrido's restitution order because he invited the district court to enter the restitution amount at sentencing, which precludes review by this court of any plain error in the district court's conduct. Garrido entered into

a joint sentencing recommendation with the government that included a restitution provision for the amount ordered.  Hence, in effect, Garrido asked the district court to order the restitution amount he received.  Moreover, a review of the record demonstrates that the district court did not plainly err in awarding the restitution amount because no one disputed the amount at sentencing.  Accordingly, we affirm Garrido's sentence, including the restitution award.

**AFFIRMED.**